THE STATE, ALBERT ZABRISKIE, prosecutor, *vs.* THE MAYOR AND COMMON COUNCIL OF HUDSON CITY.

1. Granting a *certiorari* in cases of public interest is a matter of discretion, and where a party in interest has slept long over his supposed wrong the court will not grant him relief.

2. On the hearing of a *certiorari*, the court may dismiss the writ as improvidently granted, or may refuse the relief sought by it.

3. In making an assessment according to benefits received, the commissioners should exercise their judgment as to the amount of benefit to each lot.

4. A *pro ratâ* assessment according to the frontage or amount of land is not sufficient.

*Certiorari* to set aside an ordinance passed by the mayor and common council of the City of Hudson

Argued before Justices HAINES and VAN DYKE.

*Gilchrist*, for plaintiffs in *certiorari*.

*J. P. Vroom* and *I. W. Scudder*, for defendant.

The opinion of the court was delivered by

HAINES, J. The prosecutor seeks to set aside the ordinance of the mayor and common council of Hudson City, by which the opening and grading of Summit avenue was ordained.

The reasons assigned embrace alleged incongruity and divers irregularities in the preliminary proceedings. The ordinance complained of was passed on the 28th of August, 1856, and the avenue opened and graded, the assessments for damages and for benefits made, and a report of the commissioners filed in April, 1857, and finally approved on the 4th of June of that year. The writ of *certiorari* was not applied for until the term of ――, 1859, after the expense of the improvement had been incurred

and the avenue recognized as a public street, and lots sold on the basis of it.

It would be unjust now to set aside the ordinance by which so much expenditure has been caused.

The granting of a *certiorari* in cases of public interest is a matter of discretion ; and after the party in interest has slept long over his supposed wrong the court will not grant him relief. To relieve him would do much injury to others, and he has no ground of complaint if the opportunity is not given to him.

After a writ of *certiorari* has been allowed, if on the hearing the like circumstances appear, the court may dismiss the writ as improvidently granted, or refuse the relief sought by it. *State* v. *City of Hudson, in matter of Palisade avenue, ante* 104.

But a further reason assigned for the action of this court is, that the assessment of benefits is not according to law.

The 42d section of the charter provides that all expenses for improvements in opening, altering, and grading streets shall be assessed upon and paid by the owners of the lands and real estate benefited by the same, in proportion to the benefit received. *Acts of* 1855, 786.

The assessment is here made, not according to the benefit received, but by the lineal foot ; all are assessed alike at forty-one cents per foot, and this, by former decisions of this court, is wrong. *State* v. *Newark,* 1 *Dutcher* 399.

The principle on which the commissioners made their estimate is not contemplated by the charter. To make a mere calculation on such a basis would not require the services of three judicious disinterested persons, sworn faithfully, honestly, and impartially to perform their duties. Any clerk or school-boy with a little knowledge of arithmetic could do that.

The assessment so made is not to be taken as the exercise of the discretion and judgment of the commissioners and

a determination of the benefits. The mode of the operation excludes that idea, and their report shows that all were charged alike without discrimination. It is not an assessment in proportion to the benefits received.

The assessment of the damages sustained by the land-owners, at forty dollars per foot on eight lots, may, for aught that appears, be correct, and " the fair value of the lands taken and the damage done to each lot," and with that we are not authorized to interfere. The assessment for the benefits, having been made upon principles contrary to law and to the provisions of the charter, must be set aside, and pursuant to the provisions of 47th section, new commissioners be appointed.

CITED in *Huffman* v. *Sutton,* 3 *Vr.* 64; *State* v. *Gardner,* 5 *Vr.* 328; *State* v. *Inhabitants of Trenton,* 7 *Vr.* 506; *State* v. *Essex Public Road Board,* 8 *Vr.* 337.